# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **George W. Shuffert, VI** ) | **CASE NO. 1: 19 CV 2649** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | **Memorandum of Opinion and Order** |
| **Cuyahoga Couty Court of** ) | |
| **Common Pleas,** *et al.*, ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

*Pro se* plaintiff George W. Shuffert, VI, an Ohio prisoner, has filed a civil rights complaint in this action against the Cuyahoga County Court of Common Pleas and the State of Ohio. (Doc. No. 1.) His complaint does not set forth comprehensible factual allegations or any coherent federal claim. Among other things, the plaintiff asserts in his complaint that the defendants have "failed to recognized a perfected Security Agreement" in his favor on file with the Ohio Secretary of State that makes him a "Secured Party, in the effect of $100,000,000." (*Id*. at 3-4.) The relief he seeks is "Immediate Release from all custody of Safe Harbor by United States Federal Government Cuyahoga County to Respect U.C.C. 1 & 3 contract. All Unalienable Rights and Sovereignty of George William Shuffert VI." (*Id.* at 5.) On December 13, 2019, the plaintiff filed an *Ex Parte* Motion for Mandatory Injunction (Doc. No. 3), in which he asks the Court to move a state court action against him forward.

Although the standard of review for *pro se* pleadings is liberal, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the lenient treatment generally accorded *pro se* plaintiffs has

limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal courts are courts of limited jurisdiction have a duty to police the boundaries of their jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). "A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds this action must be dismissed in accordance with *Apple v. Glenn*. The plaintiff's allegations are so incoherent, implausible, unsubstantial, and frivolous that they do not provide a basis to establish this Court's subject-matter jurisdiction over any federal civil claim in the case. Further, to the extent the plaintiff seeks release from state custody, the only relief he requests in his complaint, his sole federal remedy is a writ of *habeas corpus*. A prisoner may not use a civil rights action as alternative to a petition for a writ of *habeas corpus* to challenge the legality of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Likewise, *habeas corpus* is the proper mechanism for a detainee to seek to compel a state to grant him a speedy trial, provided there are "proper circumstances" and exhaustion of state remedies. *See Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043 (S. D. Ohio 2011).

## Conclusion

Accordingly, the plaintiff's complaint in this case is dismissed for lack of subject-matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn*; his *Ex Parte* Motion

for Mandatory Injunction is denied; and his motion to proceed *in forma pauperis* (Doc. No. 2) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                          PATRICIA A. GAUGHAN
                                          United States District Court
Dated:  2/19/20                            Chief Judge